UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LONA WILLIAMS, | ) | No. 2:22-cv-01034-JAK-JDE |
|     Petitioner, | ) ) | |
| v. | ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| C.I.W. PRISON, | ) ) | |
|     Respondent. | ) ) | |

## I.

## INTRODUCTION

On February 14, 2022, Petitioner Lona Williams ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, challenging a 2019 conviction in Los Angeles County Superior Court. Dkt. 1 ("Petition" or "Pet."). The Court has reviewed the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and finds that the Petition suffers from several defects. The Court therefore orders Petitioner to show cause why this action should not be dismissed.

## II.
## PETITIONER'S CLAIMS

1. "Trial judge did not give the jury a self defense instruction[.] Victim in [Petitioner's] case testified at [her] preliminary hearing that she attacked [Petitioner] first gouging [her] eyes out[.]" Pet. at 5 (CM/ECF pagination).

2. "Victim changed her testimony at trial from the one she testified to at [Petitioner's] preliminary trial. [B]oth testimonies are on court record[.]" Pet. at 5.

## III.
## DISCUSSION

District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005). Here, the Petition suffers from the following defects: (1) Petitioner has failed to coherently allege federal grounds for relief; (2) Ground Two appears to be unexhausted; and (3) Petitioner has failed to name the appropriate respondent.

**A.    Petitioner has Failed to Coherently Allege Federal Grounds for Relief**

First, the Petition is subject to dismissal because Petitioner has not asserted cognizable federal claims. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Federal habeas relief is not available for errors of state law. See 28 U.S.C. § 2254(a); McGuire, 502

U.S. at 67-68. Here, Petitioner cites no federal authority in support of her grounds for relief and identifies no federal constitutional violations. Accordingly, Petitioner's claims are not cognizable on federal habeas review.

Second, Petitioner has not sufficiently set forth the facts supporting her grounds for relief. The Habeas Rules require a statement of all grounds for relief and the facts supporting each ground, and the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. See Habeas Rule 2(c); Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Felix, 545 U.S. at 655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Here, Petitioner has not provided sufficient facts in support of her claims. For instance, as to Ground Two, the supporting facts section states, in its entirety, "both testimonies are on court record." Pet. at 5. Petitioner has failed to comply with the requirements of the Habeas Rules.

Third, it appears that Petitioner may be seeking to pursue grounds for relief in addition to those identified on the form habeas petition. Specifically, Petitioner attached a handwritten letter addressed to the "Court" to her Petition, in which she contends that she received an "excessive sentence"; should not been sentenced as a second striker; the trial judge "treated" her unfairly; the sentence was in excess of what she was advised by her trial counsel; and the victim, Regina Patterson, should have been arrested because there were warrants for her arrest. See Pet. at 14-16. As none of these claims were asserted in the form habeas petition or rely on federal law, it is unclear whether Petitioner is seeking to pursue these additional grounds for relief.

Accordingly, the Petition falls short of the minimal clarity required to proceed.

**B.  The Petition is Mixed**

Under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless the petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James, 24 F.3d at 24; Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that she has exhausted her available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner indicates that Ground Two was not raised in a petition for review or habeas petition to the California Supreme Court. See Pet. at 5-6. As such, Ground Two is unexhausted, rendering the Petition "mixed" and subject to dismissal.

**C.  Petitioner has Named the Wrong Respondent**

Finally, the Petition fails to name an appropriate respondent. The proper respondent for a habeas petition typically is the warden of the facility in which the petitioner is incarcerated. See Stanley v. Cal. Supreme Court, 21 F.3d 359,

360 (9th Cir. 1994) (as amended); see also Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). The Ninth Circuit has held the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley, 21 F.3d at 360. Here, Petitioner purports to name the California Institution for Women, where she currently is incarcerated, not the warden of this facility, as required.

## IV.
## CONCLUSION

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice by filing a written response by **no later than thirty (30) days from the date of this Order** which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed. If Petitioner contends that she has fairly presented her claims to the state courts and the California Supreme Court has disposed of those claims on the merits, Petitioner should provide all case numbers and dates in which her claims were considered and disposed of on the merits by the California state courts.

Alternatively, Petitioner may file an amended petition **within thirty (30) days of the date of this Order** to attempt to cure the above-referenced defects. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number; be clearly labeled "First Amended Petition"; and be filled out completely, including clearly and concisely setting forth every ground on which Petitioner claims she is being held unlawfully and the facts supporting those grounds.

Petitioner is cautioned that a failure to respond timely in compliance with this Order may result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: February 23, 2022

_____
JOHN D. EARLY
United States Magistrate Judge